**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.S.1, J.S.2, T.S., and A.T., by and through their guardian ad litem, SAVANA ST. CLAIR, ,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF KERN, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-01557 DAD  JLT<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO APPOINT SAVANAH ST. CLAIR AS THE GUARDIAN AD LITEM FOR PLAINTIFFS J.S.1, J.S.2, T.S., AND A.T.<br><br>(Doc. 8) |

  Savanah St. Clair seeks appointment as the guardian ad litem for minor plaintiffs J.S.1, J.S.2., T.S. and A.T., who are her biological children. (Doc. 8; *see also* Doc. 1 at 7, ¶ 26) Plaintiff does not oppose the petition. (Doc. 21) For the reasons set forth below, the petition is **GRANTED**.

**I. Appointment of a Guardian Ad Litem**

  Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

  The children, J.S.1, J.S.2., T.S. and A.T., reside in California, so the law of the state governs. (*See* Doc. 1 at 2, ¶ 5) Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601.

1

A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

## II. Discussion and Analysis

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

Each of the children, J.S.1, J.S.2., T.S. and A.T., are each under the age of eighteen (Doc. 1 at 7, ¶ 26) and are minors under California law. *See* Cal. Fam. Code § 6502. Upon review of the complaint, it does not appear there are adverse interests and Ms. St. Clair does not have competing claims with J.S.1, J.S.2., T.S. and A.T., because all claims in the complaint are asserted on behalf of the minor children. (*See generally* Doc. 1) Accordingly, appointment of Ms. St. Clair as guardian ad litem for her children is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (observing that, generally, when a minor is represented by an individual "who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem").

## III. Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Ms. St. Clair has any conflicting interests, and as such she may be appointed to represent the interests of her children, the minor plaintiffs. Therefore, the Court is acting within its discretion to grant her application to be appointed as the guardian ad litem.

Based upon the foregoing, the Court **ORDERS**:

1. The motion for appointment of Savanah St. Clair as guardian ad litem for J.S.1, J.S.2.,

T.S. and A.T. (Doc. 8) is **GRANTED**; and

2. Savanah St. Clair is appointed to act as guardian ad litem for plaintiffs J.S.1, J.S.2, T.S. and A.T., and is authorized to prosecute the claims on their behalf.

IT IS SO ORDERED.

| Dated: | **January 19, 2021** | /s/ Jennifer L. Thurston |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |