# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S.1, J.S.2, T.S., and A.T., by and through their guardian ad litem, SAVANAH ST. CLAIR, <br><br>Plaintiff, <br><br>v. <br><br>COUNTY OF KERN, et al., <br><br>Defendants. | Case No.: 1:20-cv-01557 DAD JLT <br><br>ORDER VACATING THE HEARING DATE OF MAY 21, 2021 <br><br>ORDER GRANTING IN PART THE EX PARTE APPLICATION REGARDING BLOCKED BANK ACCOUNTS FOT THE MINOR PLAINTIFFS <br>(Doc. 19) |

J.S.1, J.S.2, T.S., and A.T., by and through their guardian ad litem Savanah St. Clair, assert that the minors were wrongfully removed from the custody of their parents by government Child Protection Services workers and subjected to unwanted and unnecessary medical procedures and examinations. (Doc. 1.) The parties settled the action, and the Court approved the minors' compromise. (Docs. 14, 18.)

Pursuant to the terms of the settlement, the defendants paid the total sum of $250,000.00, including attorneys' fees and costs. (Doc. 18 at 2.) Because A.T. reached the age of majority, her share of the settlement was dispersed to her directly. (*Id.* at 3; *see also* Doc. 19 at 2, n.1.) The minor plaintiffs, J.S.1, J.S.2., and T.S., are each to receive $50,000.00, which is to be deposited in separate blocked accounts. (*See* Doc. 11-1 at 2; Doc. 11-2 at 3, St. Clair Decl. ¶¶ 5-7.) The children will not have access to these accounts until they are 18 years old. (Doc. 18 at 2.) Plaintiffs report the settlement funds have been received from Defendants. (Doc. 19 at 2, n.1.)

Plaintiffs report Mrs. St. Clair has attempted to open blocked accounts for J.S.1, J.S.2, and T.S. at Chase Bank, but "[t]he bank officer requested that a more definite order directing the exact amount to be deposited on behalf of each minor, as opposed to simple approving the gross amount." (Doc. 19 at 2.) According to Plaintiff, "absent an order from this Court expressly directing that three distinct blocked bank accounts be opened, i.e., one for each of the minors, and further directing that $50,000.00 be deposited into each of those three accounts, Chase Bank will not open the accounts as requested." (*Id.*) Therefore, Plaintiffs now seek an order "directing Chase Bank to accept for deposit into each account the total amount of $50,000" and "directing Chase Bank (or similar) to open the necessary blocked accounts for the minor plaintiffs." (*Id.* at 2-3.)

Significantly, the Court lacks jurisdiction over Chase Bank to specifically direct that entity—or any another banking facility— to open the desired blocked accounts. Accordingly, the Court is unable to grant relief in the precise amount requested. Accordingly, the Court **ORDERS**:

1. The ex parte application (Doc. 19) is **GRANTED IN PART**;
2. Savanah St. Clair **SHALL** open a blocked account at Chase Bank or other financial institution for T.S., in the amount of $50,000.00;
3. Savanah St. Clair **SHALL** open a blocked account at Chase Bank or other financial institution for J.S.1., in the amount of $50,000.00;
4. Savanah St. Clair **SHALL** open a blocked account at Chase Bank or other financial institution for J.S.2., in the amount of $50,000.00; and
5. Plaintiffs' counsel shall file under seal proof that the money was deposited into three blocked accounts for T.S., J.S.1, and J.S.2 within fourteen days of the date of service of this order.

IT IS SO ORDERED.

Dated: __May 17, 2021__   _____ /s/ Jennifer L. Thurston
                                                    CHIEF UNITED STATES MAGISTRATE JUDGE